UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANTHONY IZZO,

                              Plaintiff,

       -against-                                         MEMORANDUM
                                                            OPINION AND ORDER

ING LIFE INSURANCE and ANNUITY COMPANY,      CV 02-4530 (ADS) (ETB)

                              Defendant.
------------------------------------------------------------------------x

By order dated September 30, 2005, plaintiff Anthony Izzo ("Izzo") was awarded costs and attorney's fees incurred as a "result of defendant's evasive, misleading and incomplete responses to document demands" in this action. Presently before the Court is plaintiff's application for costs and fees, supported by: (1) affidavits of costs and services by plaintiff's attorneys Richard Metli ("Metli") and James E. Robinson ("Robinson"); (2) two printed billing invoices, and (3) contemporaneous handwritten time sheets. The defendant, ING Life Insurance and Annuity Company ("ING"), opposes plaintiff's application. (Def.'s Mem. in Opp'n to Pl.'s Application for Costs ("Def.'s Mem.".).)

## BACKGROUND

The history of this action is discussed in detail in the Memorandum Opinion and Order dated September 30, 2005, familiarity with which is presumed. In brief, by order dated April 8, 2005, I directed the defendant, ING, and its counsel, Sullivan & Worcester LLP ("Sullivan & Worcester") to show cause why sanctions should not be imposed against either or both entities,

1

pursuant to Federal Rules of Civil Procedure 16(f) and 37, based on, <u>inter alia</u>, defendant's evasive and incomplete responses to plaintiff's discovery demands, and against Sullivan and Worcester, LLP, under 28 U.S.C. § 1927. An evidentiary hearing on the matter was held on June 1, 2005. By order dated September 30, 2005 and pursuant to Federal Rule of Civil Procedure 37(a)(3) and (4), I directed ING to pay to plaintiff reasonable costs, including attorneys' fees, incurred by the plaintiff as a result of defendant's evasive and incomplete disclosure in this action. (Order by the undersigned, dated September 30, 2005, at 24.) By the same order, pursuant to 28 U.S.C. Section 1927, I also directed ING's counsel, Sullivan & Worcester, to pay to plaintiff the excess costs, expenses, and attorneys' fees reasonably incurred by plaintiff as a result of counsel's bad faith in substantially delaying discovery, thwarting the settlement re-submission, and unreasonably and vexatiously adding to the complexity and costs of this litigation. (<u>Id.</u> at 26-27.)

In support of the application for costs and attorneys' fees, plaintiff has submitted the affidavits of attorneys Richard Metli ("Metli") and James E. Robinson ("Robinson"), in addition to two invoices and several handwritten time sheets. Both Metli and Robinson state that the handwritten time sheets were prepared contemporaneously with the performance of the work. (Metli Affidavit of Costs and Services ("Metli Aff.") ¶ 4; Robinson Affidavit ("Robinson Aff.") ¶ 2.) Metli states that he bills at $250.00 per hour, and that Robinson bills at $175.00 per hour. (Metli Aff. ¶ 5.)

The first typewritten invoice, dated May 20, 2005, covers the period from September 22, 2003 through May 13, 2005. (Invoice dated May, 20, 2005.) Metli states that all of the services set forth in the invoice after October 22, 2003 are related to the discovery issue and the re-

2

submission of plaintiff's claim to ING for reconsideration. (Metli Aff. ¶ 2.) Of the total charges reflected in the May 20, 2005 invoice, plaintiff's counsel requests $34, 772.50 in attorneys' fees and $3,126.94 in costs, based on 178.90 hours of work during the billing period. (Id.) The second typewritten invoice, dated September 1, 2005, covers the period May 4, 2005 through August 18, 2005. (Invoice dated September 1, 2005.) Metli notes that the overlap of early May dates listed on the two invoices is a result of the fact that Robinson's time was not entered until after the May 20, 2005 invoice was prepared. (Metli Aff. ¶ 3.) Metli states that all of the services on the September 1, 2005 invoice are related to the instant issue, such that plaintiff seeks the full $20, 997.50 in fees and $1,126.05 in costs documented in this invoice, based on 109.40 hours of work during the billing period. (Id. at ¶ 3.) In total, plaintiff requests $60,022.99 in costs and attorneys' fees, based on 288.3 hours of work performed between October 22, 2003 and August 18, 2005, which was necessitated by defendant's sanctioned conduct.

The defendant opposes plaintiff's application on the ground that much of the time for which plaintiff seeks reimbursement was not the result of the complained conduct, and that many of the time records lack sufficient detail to permit the Court to determine how the time was spent.[1] (Def.'s Mem. at 3-4.) More particularly, defendant argues that plaintiff should not be awarded fees for work– such as reviewing documents, completing discovery, conducting legal research, and consulting an expert– that plaintiff's counsel would have had to conduct regardless

---

[1]Defendant also argued that some of Mr. Robinson's time entries may not have been contemporaneous. This concern has been addressed by the subsequent filing of an affidavit by Mr. Robinson, stating that all of the handwritten time sheets were prepared by him contemporaneously.

of the complained of conduct. (Id. at 4.) Defendant points to several billing entries that it argues fall into this category. (Id. at 4-5, citing the May 20, 2005 invoice entries for 9/30/03, 10/01/03, 10/03/03, 10/06/03, 10/07/03, 10/17/03, 10/14/04, 11/24/03, 12/03/04, 1/11/05, 1/12/05, 1/26/05, 4/15/05, 4/22/05, and citing the September 1, 2005 invoice entries for 6/13/05, 6/22/05.) Defendant further contends that plaintiff's application should be denied because the bills and time sheets contain many undetailed entries in which the only description of the service performed is "office conference" or "office work." (Id. at 5, citing the May 20, 2005 invoice, entries for December 8, 2003, July 14, 2004, December 10, 2004, January 19, 2005, March 4, 2005.)

In response, plaintiff's counsel notes that plaintiff does not seek to recover fees or costs that pre-date the October 22, 2003 date on which he began drafting the October 24, 2003 letter to the Court, which requested the Court's intervention in ensuring the timely completion of discovery. (Robinson Aff. ¶¶ 3, 5.) As such, this clarification eliminates the defendant's concern regarding six of the billing dates to which defendant objected. Further, Robinson and Metli concede that the plaintiff's application may be reduced by the charges for conducting research on December 3, 2004 ($105.00) and January 26, 2005 ($175.00), and the charge for reviewing documents on June 13, 2005 ($297.50). (Id. ¶ 7.) They also acknowledge that the expert consultation was not directly connected with defendant's conduct, and that therefore, the fee application is reduced by the amount of the charges for January 11, 2005 ($52.50) and January 12, 2005 ($297.50). Plaintiff's counsel contend that the remainder of defendant's objections are unfounded, in that all of the remaining charges, including charges for office work and conferences, were incurred as a direct result of defendant's conduct, because normal

4

proceedings with respect to the case were generally suspended as of October 22, 2003. (Id. at 3-5.)

In sum, plaintiff's counsel have agreed to reduce the initial application for $60,022.99 in fees and costs by $927.50, which leaves $59,095.49 in fees and costs requested by plaintiff's counsel.

## DISCUSSION

I. Legal Standard

Under Rule 37(b)(2), a party found to have failed to comply with a court order is required to pay "the reasonable expenses, including attorney's fees, caused by the failure." Rule 37(b)(2), Fed. R. Civ. P. Additionally, where an attorney or law firm has been found to have acted in bad faith in unreasonably and unnecessarily delaying litigation, Section 1927 authorizes the Court to impose sanctions on the attorney or law firm in the amount of the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Here, Defendant ING and its law firm, Sullivan & Worcester were directed to pay to plaintiff reasonable costs, including attorneys' fees, incurred by the plaintiff as a result of defendant's evasive, misleading and incomplete responses to document demands. (Order by the undersigned, dated September 30, 2005.)

II. Calculation of Reasonable Attorney's Fees

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This calculation is commonly referred to as the "lodestar" figure, see, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,

5

478 U.S. 546, 563 (1986); LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998), and "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Hensley, 461 U.S. at 435. The burden is on the plaintiff to submit sufficient evidence to support the hours worked and the rates claimed. See id. at 433. The documentation must be prepared contemporaneous with the work, and must "specify, for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Assoc. for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). If the documentation is inadequate, the court may reduce the award accordingly. See Hensley, 461 U.S. at 433-34.

    A.    <u>Reasonable Hourly Rate</u>

In determining what constitutes a "reasonable hourly rate," the court should look to market rates "'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stevenson, 465 U.S. 886, 896 n.11 (1984)). "The relevant community to which the court should look is the district in which the case was brought." Marisol A. v. Guiliani, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000) (citing In re Agent Orange Prod. Liab. Litig., 818 F.2d 226, 232 (2d Cir. 1987). Courts routinely consider the rates of both the Eastern District of New York as well as the Southern District when undertaking this analysis. See, e.g., New Leadership Committee v. Davidson, 23 F. Supp. 2d 301, 305 (E.D.N.Y. 1998) (holding that the magistrate judge did not abuse her discretion in considering the prevailing hourly rates in the Southern District of New York when awarding attorney's fees).

In the within action, Metli billed at $250.00 per hour, and Robinson billed at $175.00 per hour. Defendant does not object to the rates. Based on the prevailing rates in this jurisdiction, I

6

find these rates to be reasonable.

B. <u>Reasonable Expenditure of Hours</u>

In determining the number of hours reasonably expended, courts consider the following:

> (1) hours which reflect the inefficiency or duplication of services should be discounted; (2) hours that are excessive, unnecessary or which reflect "padding" should be disallowed; (3) legal work should be differentiated from nonlegal work such as investigation, clerical work, the compilation of facts and other types of work that can be accomplished by nonlawyers who command lesser rates; (4) time spent in court should be differentiated from time expended for out-of-court services; and (5) the hours claimed should be weighed against the court's own knowledge, experience and expertise as to the time required to complete similar activities.

<u>McGrath v. Toys "R" Us, Inc.</u>, No. 01-3071, 2002 U.S. Dist. LEXIS 22610, at *8-9 (E.D.N.Y. Oct. 16, 2002). The court should deduct any hours for work that was "'excessive, redundant or otherwise unnecessary.'" <u>Gierlinger v. Gleason</u>, 160 F.3d 858, 876 (2d Cir. 1998) (quoting <u>Hensley</u>, 461 U.S. at 434); <u>see</u> <u>also</u> <u>Luciano v. Olsten Corp.</u>, 109 F.3d 111, 117 (2d Cir. 1997) (finding that any unreasonable expenditure of time should be deducted); <u>Marisol A.</u>, 111 F. Supp. 2d at 401 reducing hours by 15% for time spent on non-compensable matters, overstaffing and excessive time spent on discrete tasks). Any deductions for this reason may be accounted for in an across-the-board percentage reduction. <u>See</u> <u>Luciano</u>, 109 F.3d at 117.

Here, the billing records and accompanying time sheets submitted by plaintiff's counsel reflect that their client was charged $60,022.99 in costs and attorneys' fees for 288.3 hours of work performed between October 22, 2003 and August 18, 2005. In response to certain of defendant's objections, plaintiff's attorneys have agreed to reduce their application by the amount of $927.50, the fees for work performed which plaintiff agrees was not specifically

7

necessitated by defendant's conduct (Robinson Aff. ¶¶ 6, 7, 8), thereby amending the application for costs and fees to a request for $59,095.49.

On the issue of the remainder of the disputed hours, I find that plaintiff's counsel have not adequately demonstrated that these hours are properly compensable. Specifically, as defendant notes, the time records contain several entries in which the only description of the services performed is "office conference" or "office work," without any further detail. Plaintiff's counsel did not endeavor to supplement or further detail these entries in his reply affidavit, but rather only stated that all of the work performed on the complained of dates was necessitated by defendants' misconduct. (See Robinson Aff. ¶¶ 6, 7, 9.) When an attorney is entitled to an award of costs and fees, the contemporaneous time records submitted in support of the attorney's application must indicate the subject matter and general nature of the work done. Carey, 711 F.2d at 1154 (holding that all applications for attorney's fees must be accompanied by contemporaneous time records indicating for each attorney, the date, the hours expended, "and the nature of the work done"); Perdue v. City University of New York, 13 F.Supp.2d 326, 345 (E.D.N.Y. 1998) (stating that time records must include at least the general subject matter in order for the time to be included in an award of attorney's fees). See also Hensley v. Eckerhart, 461 U.S. 424, 437 n.12, 103 S. Ct. 1933, 76 L. Ed.2d 40 (1983) (noting generally in a request for attorney's fees that counsel "is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures."). Accordingly, defendant's objections to entries describing just "office work" or "office conference" are sustained to the extent that plaintiff's award of costs and attorney's fees is reduced by $1,925.50, the amount in fees associated with billing entries for "office

conferences" or "office work."[2]

## CONCLUSION

Based on the foregoing, ING and its counsel, Sullivan and Worcester, are directed to pay to plaintiff $57,169.99 in costs and attorneys' fees.

SO ORDERED:

Dated: Central Islip, New York
       December 20, 2005

                                        /s/ E. Thomas Boyle
                                        E. THOMAS BOYLE
                                        United States Magistrate Judge

---

[2]Plaintiff's counsel is not entitled to recover fees for "office work" and "office conference" billing sheet entries– by either Richard Metli ("RM"), James Robinson ("JR"), or both– on the following dates: 12/8/03 (both); 2/3/04 (JR); 7/14/04 (JR); 10/15/04 (JR); 11/12/04 (JR); 12/10/04 (both); 1/19/05 (both); 1/21/05 (both); 1/26/05 (both); 1/28/05 (both); 3/4/05 (RM); 4/5/05 (both); 4/20/05 (RM); 5/4/05 (RM); 5/18/05 (both); 6/10/05 (both); 6/22/05 (RM); 7/5/05 (RM); 7/6/05 (RM).